



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Affirmed by ww-1268*

Honorable Tom Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir:

Opinion No. O-2293
Re: Are keepers of places of
business of the types enum-
erated in Article 287, Penal
Code (Sunday closing laws),
restricted in items which
they may sell to the items
listed in such article?

We have carefully considered your letter of April 25,
1940, in which you request the opinion of this department on
questions propounded by you, which read as follows:

"Are keepers of places of business of the
types enumerated in Article 287, Penal Code, re-
stricted in items which they may sell to the
items listed in such article? More specifically,
are drug stores, hotels, restaurants, etc. per-
mitted to sell candies, cigars, cigarettes, mag-
azines, soda pop, etc. and may garages, and fill-
ing stations, sell automobile parts and accessories?"

We acknowledge with thanks your able discussion of
the questions and citation of authorities set forth in your
letter.

Article 283, Penal Code, Vernon's Annotated Statutes,
making it unlawful to work on Sunday, reads:

"Any person who shall labor, or compel,
force, or oblige his employes, workmen, or ap-
prentices to labor on Sunday, or any person who
shall hunt game of any kind whatsoever on Sunday
within one-half mile of any church, school house,

ON IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Tom Seay, Page 2

or private residence, shall be fined not less than ten nor more than fifty dollars. Act Dec. 16, 1863, Act Dec. 2, 1887. Acts 1887, p. 108."

Article 284, excepting certain types and kinds of work, reads:

"The preceding article shall not apply to household duties, works of necessity or charity; nor to necessary work on farms or plantations in order to prevent the loss of any crop; nor to the running of steamboats and other water crafts, rail cars, wagon trains, common carriers, nor to the delivery of goods by them or the receiving or storing of said goods by the parties or their agents to whom said goods are delivered; nor to stages carrying the United States mail or passengers; nor to foundries, sugar mills, or herders who have a herd of stock actually gathered and under herd; nor to persons traveling; nor to ferrymen or keepers of toll bridges, keepers of hotels, boarding houses and restaurants and their servants; nor to keepers of livery stables and their servants; nor to any person who conscientiously believes that the seventh or any other day of the week ought to be observed as the Sabbath, and who actually refrains from business and labor on that day for religious reasons. Act Dec. 2, 1871, Acts 1871, p. 62. Amended in revising 1879."

Article 286, prohibiting the sale of goods on Sunday, reads:

"Any merchant, grocer, or dealer in wares or merchandise, or trader in any business whatsoever, or the proprietor of any place of public amusement, or the agent or employe of any such person, who shall sell, barter, or permit his place of business or place of public amusement to be open for the purpose of traffic or public amusement on Sunday, shall be fined not less than twenty nor more than fifty dollars. The term place of public amusement, shall be construed to mean circuses, theaters, variety theaters and such other amusements as are exhibited and for which an admission fee is charged; and shall also include dances at disorderly houses, low dives and places of like character, with or without fees

Honorable Tom Seay, Page 3

for admission. Act Dec. 2, 1871, Acts 1883. p. 66, Acts 1887, p. 108."

Article 287, as amended in 1931, excepting certain articles and amusements, reads:

"The preceding Article shall not apply to markets or dealers in provisions as to sales of provisions made by them before nine o'clock A. M., nor to the sales of burial or shrouding material, newspapers, ice, ice cream, milk, nor to any sending of telegraph or telephone messages at any hour of the day or night, nor to keepers of drug stores, hotels, boarding houses, restaurants, livery stables, bath houses, or ice dealers, nor to telegraph or telephone offices, nor to sales of gasoline, or other motor fuel, nor to vehicle lubricants, nor to motion picture shows or theatres operated in any incorporated city or town, after one o'clock P. M.

"Sec. 2. The Commissioners or City Council of the towns or cities in which said motion picture shows or theatres are located shall have the right and power by proper ordinance to prohibit or regulate the keeping open or showing of such motion picture shows or theatres on Sunday. Acts 1925, 39th Leg., p. 347, ch. 139, § 1; Acts 1931, 42nd Leg., p. 195, ch. 116."

The above quoted articles have appeared in previous codifications of the Texas statutes under the article numbers as indicated by the following table:

| 1879 | 1895 | 1911 | 1925 |
|------|------|------|------|
| 183 | 196 | 299 | 283 |
| 184 | 197 | 300 | 284 |
| 185 | 198 | 301 | 285 |
| 186 | 199 | 302 | 286 |
| 186a (1887) | 200 | 303 | 287 |

The general validity of the Sunday laws and the exception of certain occupations and articles of merchandise have been recognized and upheld by the courts. (39 Tex. Jur.

Honorable Tom Seay, Page 4

858, et seq.)

Article 284, supra, expressly excepts from the pro-
hibition against labor on Sunday, "works of necessity or char-
ity." It is to be noted, however, that there is no such ex-
emption on account of necessity from the prohibition against
sales of goods on Sunday.

The fact that Article 287 reads merely to except
"keepers of drug stores, hotels, boarding houses, restaurants,
...." etc., without excepting specific items handled and sold
by such firms, might, on the face of it, be construed as a
general exception. But a historical survey makes such a hold-
ing impossible.

The Act of 1871 (General Laws, Second Session, 12th
Leg., p. 62), entitled, "An Act to Punish Certain Offenses Com-
mitted on Sunday," in Section 4, makes it unlawful to operate
a business on Sunday, within the city limits, between 9.00 A.M.
and 4.00 P.M., "provided, that nothing in this act shall be
construed to prohibit the sale of drugs and medicines on Sunday."

The Act of 1883 (General Laws, 18th Leg., p. 66), en-
titled, "An Act to Amend Article 186 (codification of 1879) of
the Penal Code," Section 1:

"Be it enacted by the Legislature of the
State of Texas: That Art. 186 of the Penal Code
be amended so as hereafter to read as follows,
to-wit:

"Art. 186. Any merchant, grocer, or dealer
in wares or merchandise, or trader in any lawful
business whatsoever,.....who shall sell or barter
on Sunday, shall be fined....., provided this Art-
icle shall not apply to markets or dealers in pro-
visions as to the sale of provisions made by them
before 9.00 o'clock A.M., nor the sale of burial or
shrouding material; provided, the sale of news-
papers, ice and milk at any hour on the day shall
be permissible....", and also exempts the sending
or receiving of telegraph messages.

The Act of 1887 (General Laws, 20th Leg., p. 108),
entitled, "Amending the Sunday Law - Additional Exemptions,"
in Article 186a (codification of 1879) says:

Honorable Tom Seay, Page 5

"The preceding article (166) shall not apply
to markets or dealers in provisions as to sales....
before 9.00 o'clock A.M., nor to the sale of burial
or shrouding material, newspapers, ice, ice cream,
milk, nor to the sending of telegraph or telephone
messages at any hour of the day, nor to keepers of
drug stores, hotels, boarding houses, restaurants,
livery stables, barber shops, bath houses, or ice
dealers, nor to telegraph or telephone offices."

The Act of 1891 (General Laws, 22nd Leg., p. 173),
reads the same as above, except that barber shops are omitted
as being excepted.

The Act of 1925 (39th Leg., p. 347, ch. 139, | 1),
adds to the excepted articles "gasoline or other motor fuel"
and "vehicle lubricants."

The Act of 1931, amending Article 287 (42nd Leg.,
p. 195, ch. 116), adds "motion picture shows or theatres oper-
ated in any incorporated city or town after 1.00 o'clock P.M."

Thus while the Act of 1871 specifically exempts "drugs
and medicines," and the Act of 1887 simply excepts "keepers" of
drug stores, hotels, and restaurants, yet in Searcy vs. State,
(1889), infra, the court interpreted the exceptions as limited
to drugs and medicines; and in Saleh vs. State (1922), infra,
the court again expressed itself very clearly as considering
that drug stores are limited to the sale of drugs and medicines,
and restaurants and hotels to the sale of foods, although in
1918 (Grimes vs. State, infra), the court had held that "in
construing the statutory exceptions, the ordinary signification
of the words used controls."

All cases cited herein post-date the Act of 1887.

With regard to the first part of your question, hav-
ing to do with drug stores, hotels, restaurants, etc.:

In Searcy vs. State, 51 S. W. 1119 (Ct. Cr. App. of
Texas, June 1, 1899), the defendant had been convicted of sell-
ing liquor on Sunday, and appealed on the grounds that the Sun-
day law is "class legislation." The court ruled that this is
not so, and held that the Legislature has the right to exempt
certain articles, and said in part:

"Drugs and medicines were very properly placed

Honorable Tom Seay, Page 6

in this category, and the keeper of a drug store is authorized to sell drugs and medicines, but not other goods that do not belong in this class."

In the case of Saleh vs. State, 91 Tex. Cr. Rep. 316, (Ct. Cr. App. of Texas, March 22, 1922), the court held that Saleh, the proprietor of a cold drink stand, did not violate the Sunday law in selling his customer a milk chocolate, which the customer testified he bought in lieu of breakfast as a frequent practice, because, the court said, milk was exempt by the act, and chocolate was held to be a food. In rendering the decision, the court said in part:

"The articles in question (Articles 302, 303, Penal Code, Codification of 1911) as construed by the court in Searcy vs. State, 40 Tex. Cr. Rep. 460, 51 S. W. 1119, are not intended to exempt restaurant keepers, hotel keepers and keepers of drug stores in the transaction of all business which might be engaged in by them in connection with their general occupation; but is intended to exempt hotel keepers and restaurant keepers in the sale of foods to the public, and druggists in the sale of drugs and medicines. It is apparent that the purpose of the legislature was to exempt the articles sold and not the seller by reason of the character of business he might be engaged in." (Emphasis ours.)

In Grimes vs. State, 200 S. W. 378 (Jan. 16, 1918), the Texas Court of Criminal Appeals quoted from 37 Cyc. 548, as follows:

"Where the statute contains no exceptions, the nature of the business of defendant is immaterial, and the fact that it is a work of necessity, or charity, or that it is not unlawful in itself, constitutes no defense. In construing the statutory exceptions, the ordinary signification of the words used controls."

The fact that the Legislature in amending from time to time the Act of 1871, preventing the sale of goods, to exempt certain articles, has in each case added express exceptions, tends to bear out the contention that the sale of any article not excepted is a violation of the law. While the phraseology was somewhat altered in 1887, the wording of the

Honorable Tom Seay, Page 7

act has not been changed since then, except to add specific exceptions as to articles (gasoline, oil and vehicle lubricants, in 1925) and one business (motion pictures, 1931).

For further references, see 39 Tex. Jur. 858, et seq., 60 C. J. 1042, et seq., 59 A. L. R. 1547, et seq.

In regard to the question whether garages and filling stations may sell automobile parts and accessories:

In Grimes vs. State, supra, the court upheld a conviction on the grounds that "a sale of engine oil by a dealer in automobile supplies was not excepted as a work of necessity, where there was nothing to prevent the acquisition of the oil from a provision dealer or drug store...."

In Johnson vs. State, 246 S. W. 1033 (Ct. Cr. App. of Texas, 1923), the court upheld the conviction of Johnson, even though he testified that he had been told by a prosecuting officer that the selling of gasoline on Sunday only to cars compelled to have gasoline to reach their destination would not violate the law. The court said in part:

"Article 303 (Codification of 1911) exempts from the provision persons engaged in certain classes of business, but the exemption does not include the keeper of a garage nor name gasoline as an article which may be sold."

In the amended Article (287, Penal Code, passed by the 39th Legislature, 1925), gasoline and "other motor fuel" and "vehicle lubricants" are expressly excepted. If the Legislature had meant to except parts and accessories, it would doubtless have so stated.

This interpretation of the statutes as applied to garages and filling stations is further substantiated by the case of Daniels et al. vs. Southern Surety Co., 40 S. W. (2d) 209. In this case the widow of Daniels was suing the Southern Surety Company for compensation benefits, which the company had refused to pay on the ground that the deceased was employed by the filling station on Sunday, and was engaged in changing a tire when injured.

The court, while holding that whether this constituted necessary labor was a question of fact to be determined by the jury, added that, "It is also true that it (the service station)

Honorable Tom Seay, Page 8

had for sale automobile tires, tubes, and accessories, but there is no intimation that anyone connected with the business, either as owner or employee, sold or contemplated making sales of automobile tires, tubes, or any other automobile accessory on Sunday...."

Clearly the court would hold the sale of such articles on Sunday to be illegal.

The foregoing authorities indicate, therefore, (1) that drug stores are privileged to sell only drugs and medicines, foods, and newspapers on Sundays, and that hotels and restaurants are privileged to sell only foods; (2) that garages and filling stations are permitted to sell gasoline, oil and lubricants on Sundays, but not accessories or parts.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_
Walter R. Koch
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

WRK/oe

APPROVED MAY 16, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS